# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:18-cv-145-RJC-DCK

| | |
|---|---|
| SONIA S. BLACKWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| TONI ANN GAITHER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), and on initial review of the Complaint, (Doc. No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

*Pro se* Plaintiff filed this action on September 12, 2018, pursuant to the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Plaintiff names as Toni Ann Gaither, the Administrative Director of her former employer, Fairview Kids Care. (Doc. No. 1 at 2-3). Plaintiff is an African American woman over the age of 40. She claims that she was discriminated against, received unequal terms of employment, and was harassed and retaliated against based on her age and race. She claims that she was treated differently from white employees and was ultimately terminated from her employment.

Plaintiff has filed a Charge of Discrimination that states:

1

I. On February 1, 2016, I began working for Fairview Kids Care as a Teacher. Shortly thereafter, negative racial comments were directed toward me. I complained to the Administrative Director. My workers subjected me to harassment and relentless scrutiny.
II. On March 28, 2017, I reported to the Administrative Director and a Board member that there is racial unfairness between the black and white workers. Black employees are disciplined for the same actions taken by their similarly situated white employees who are not disciplined.
III. On March 29, 2017, I was suspended for missing a staff meeting, and was discharged on March 30, 2017. No reason was given for the discharge.
IV. I believe I have been discriminated against on the basis of my Race (Black), and subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. Also, I believe I was discriminated against in the basis of my Age (40+) violation of the Americans with Disabilities Act of 1990, as amended.[1]

(5:18-cv-145, Doc. No. 1-1 at 1).

Plaintiff filed a Dismissal and Notice of Rights & Notice of Suit Rights dated June 19, 2018, stating that the EEOC is unable to conclude that the information obtained establishes violations of the statutes. (Doc. No. 1-1 at 2).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court first address Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's affidavit states that her average monthly income for the last 12 months was $20 from her employment and $160 in public assistance.[2] (Doc. No. 2 at 2-3). Her assets include $300 in a bank account and two motor vehicles worth a combined total of $2,200. (Id. at 2-3). Plaintiff reports monthly expenses totaling $1,238 including $619 for housing, $210 for utilities, $30 for food, and $269 in installment payments. (Id. at 4-5). She does not expect any major changes to her monthly expenses, assets, or liabilities in the next year. (Id. at 5). She does not expect to have any expenses in conjunction with this lawsuit. (Id.). She explains his inability to pay the costs of these proceedings as follows:

---

[1] Plaintiff does not include an ADA claim in the Complaint.
[2] The "total monthly income" is miscalculated at $20,160. (Doc. No. 2 at 2). According to the income that Plaintiff reports, her total *annual* income is $2,160.

2

"Recently had emergency surgery due to a colonoscopy procedure. Spent 5 days in the hospital. Had 21 staples in my stomach. Was not able to return to my childcare job until Aug. 2018. At the time I was working part time also. My medical bills totaled over 70,000. I soon will have to make payments on what the insurance did not cover." (Doc. No. 2 at 5). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, permit Plaintiff to proceed *in forma pauperis*.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

### V. DISCUSSION

Plaintiff asserts her employment discrimination and retaliation claims against an

3

individual. However, individuals are not liable in Title VII or ADEA employment discrimination actions. Lissau v. Southern Food Servs., Inc., 159 F.3d 177 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999). The proper Defendant is the employer itself. Therefore, Plaintiff's Title VII and ADEA claims against Gaither are dismissed.

A valid complaint must have three elements: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiff has failed to state any claim for relief in the Complaint. (Doc. No. 1 at 5-6). It is therefore insufficient to survive initial review. See generally Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); see, e.g., Conrad v. Ingram, 2012 WL 1655305 (D.S.C. April 13, 2012) (recommending summary dismissal as frivolous because, *inter alia*, plaintiff did not ask the court for any relief and thus any finding that plaintiff's rights had been violated would constitute an advisory opinion), *report and recommendation adopted* 2012 WL 1655304; see also Covington v. Randolph Hosp., Inc., 147 F.Supp.3d 399 (M.D.N.C. 2015) (Title VII plaintiff's failure to request any relief weighed in favor of dismissing the action).

Plaintiff is granted leave to file an Amended Complaint within fourteen (14) days of this Order in which she may attempt to cure these deficiencies. The Amended Complaint must set forth a short and plain statement of the claims and the relief she seeks and comply with all applicable rules and procedural requirements. See, e.g., Fed. R. Civ. P. 8(a). The Amended Complaint will supersede and replace the original Complaint so that any claims or defendants omitted from the Amended Complaint will be waived. Plaintiff's failure to comply with this Order will result in this case's dismissal without prejudice and without further notice to Plaintiff.

## V. CONCLUSION

Plaintiff's Complaint is insufficient to proceed under Section 1915(e), however, she is granted leave to file an Amended Complaint within 14 days. Failure to do so will result in dismissal without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**.
2. Plaintiff is ordered to file an Amended Complaint within **fourteen (14) days** of this Order, and his failure to comply will result in this case's dismissal.
3. The Clerk is respectfully requested to mail Plaintiff a new civil complaint form.

Signed: October 29, 2018

Robert J. Conrad, Jr.
United States District Judge